IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

          Petitioner,

v.                                                                CIVIL ACTION NO.   5:12-cv-00238

JOEL ZIEGLER,

          Respondent.

MEMORANDUM OPINION AND ORDER

The Court has reviewed Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document 1).  By Order (Document 2) entered on February 3, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On March 23, 2012, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF&R") (Document 13), wherein it is recommended that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 and remove this matter from the Court's docket.

*I.      RELEVANT FACTS AND PROCEDURAL HISTORY*

In the PF&R, Magistrate Judge VanDervort explains in great detail the relevant facts and procedural history surrounding Petitioner's claim. Petitioner does not object to or dispute the

general facts contained in the PF&R. Therefore, the Court hereby incorporates the facts and procedural history contained in the PF&R. Nevertheless, the Court provides a brief summary of the salient facts and procedural history contained in the PF&R.

Petitioner complains that despite being "approved to serve the remaining 10% of his incarceration on home detention pursuant to 18 U.S.C. § 3624(c) . . . he has been denied placement on home confinement and has been referred to live in a Residential Reentry Center [RRC] in Winston Salem, North Carolina." (Document 1 at 1.)  Petitioner alleges that in May of 2011, Respondent recommended Petitioner for "direct home detention [to begin] on February 13, 2012." (*Id*. at 3.)  Notwithstanding the Respondent's recommendation, Petitioner now alleges he has been advised that he will not be released to home confinement but rather to RRC placement for 180 days. (*Id*.)

By Order entered on February 6, 2012, the Magistrate Judge ordered the Respondent to file an Answer to Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* should not be granted. (Document 3.)  On February 17, 2012, Respondent filed his Response (Document 9), wherein he argues that: (1) Petitioner failed to exhaust his administrative remedies; (2) the BOP fulfilled its obligation to review Petitioner for a Community Confinement Placement pursuant to the factors in 18 U.S.C. § 3621(b); and (3) the BOP, not the Court, has authority to release Petitioner on home confinement. (Document 9 at 4-11.)  In response, Petitioner filed his *pro se* Objections and Memorandum in Support (Documents 11 and 12).  First, Petitioner contends the Magistrate Judge improperly and arbitrarily altered his Section 2241 Petition into a Section 2254 Petition. (Document 11 at 1-3; Document 12 at 2-9.)  Petitioner also argues that even if exhaustion of administrative remedies applies to his claim, such a requirement would be

2

waived because he would be prejudiced by the short amount of time for his claim to be addressed. (Document 11 at 3.) Next, Petitioner argues that as of September 25, 2011, he exhausted his administrative remedies regarding his denial of home confinement placement. (*Id*. 3-4.)  Lastly, he contends Respondent and Erlina Hernadez acted in an arbitrary and capricious manner in their refusal to place him on home confinement.

## II.     STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction.   *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.     PF&R AND PLAINTIFF'S OBJECTION

The Magistrate Judge first found Petitioner failed to exhaust his administrative remedies and, therefore, recommends the Court dismiss the Petition. (Document 13 at 5-9.)   Although Petitioner failed to exhaust his administrative remedies, the Magistrate Judge also found that "the

BOP appropriately considered Petitioner for prerelease placement pursuant to Section 3621(b). Having been approved for the placement, Petitioner refused it. Notwithstanding Petitioner's failure to exhaust administrative remedies, Petitioner's claim clearly fails on its merits for these reasons." (*Id*. at 12-13.)   Thus, the Magistrate Judge concluded that Petitioner is not in custody in violation of the laws of the United States.   Additionally, the Magistrate Judge found that "Petitioner does not possess a constitutionally protected interest in placement on home confinement." (*Id*. at 12 n. 3.)   Therefore, the Magistrate Judge concluded that Petitioner is not in custody in violation of the Constitution. (*Id*.)

On April 3, 2012, Petitioner filed his objection to the Magistrate Judge's PF&R (Document 14).   Petitioner states that he "limits his objection to the Magistrate [Judge's] sua sponte application of Rules specifically stated as applying to 'a person in custody under a state court judgment' [Rules-Section 2254 cases] to case of constitutional habeas corpus challenging a current deprivation of liberty which was brought properly under 28 U.S.C. § 2241." (Document 14 at 1) (emphasis removed).   Petitioner limits his objection solely to this one point.   Noticeably absent from his objection is any dispute or issue raised with the Magistrate Judge's findings that he failed to exhaust his administrative remedies, that the BOP properly considered his pre-release placement pursuant to Section 3621(b), or that he does not have a constitutionally protected right to be placed on home confinement.   It appears Petitioner takes issue with the show cause order issued by the Magistrate Judge.   Although Petitioner disagrees with the procedure used in the handling of his Section 2241 Petition, he fails to object to the substantive findings which indicate he was not entitled to the relief sought, regardless of the procedure used. The Court finds Petitioner's objection is general, conclusory, and entirely irrelevant.   Therefore, the objection is

4

not entitled to de novo review. As a practical matter, the Petition was addressed in an expedited

fashion because of the Magistrate Judge's show cause order. In light of Petitioner's failure to

object or point to any specific errors in the Magistrate Judge's substantive findings, the Court is

not required to review these finding de novo. *Thomas*, 474 U.S. at 150.

## CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate

Judge's Proposed Findings and Recommendation (Document 13) be **ADOPTED**. The Court

**ORDERS** that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

(Document 1) be **DISMISSED**.   Further, the Court **ORDERS** that this matter be **STRICKEN**

from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any

unrepresented party.

ENTER:        May 7, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA